NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAPEX, INC., | |
| Plaintiff, | OPINION |
| v. | No. 2:14-cv-1792 (WHW) (CLW) |
| OMAYA FOR IMPORTING CARS, OMAYA ALMANSEB, individually and d/b/a/ OMAYA FOR IMPORTING CARS, and GALAL MOHAMMED SHARAF SAEED a/k/a/ "GALAL M. SAEED" and "GALAL ALMADHEGI", individually and d/b/a/ OMAYA FOR IMPORTING CARS, | |
| Defendants. | |

**Walls, Senior District Judge**

This is a contract dispute involving the shipment of used cars. According to the Second Verified Amended Complaint ("SVAC"), Defendants hired Plaintiff to transport vehicles to port loading facilities in the United States, from which the vehicles would be shipped by boat to Yemen. Plaintiff alleges that it performed these services and Defendants failed to pay for them. Invoking this Court's admiralty jurisdiction, and requesting that the Court exercise supplemental jurisdiction over related common law claims, Plaintiff seeks to collect its fees from Defendants.

Defendants have not answered the SVAC or otherwise defended the action. Plaintiff now moves for default judgment under Fed. R. Civ. P. 55 against Defendant Galal Mohammed Sharaf Saeed, a/k/a "Galal M. Saeed" and "Galal Almadhegi," individually and d/b/a/ Omaya For Importing Cars ("Saeed") only. Decided without oral argument under Fed. R. Civ. P. 78, Plaintiff's motion is granted.

1

## BACKGROUND

The SVAC alleges: Plaintiff Dapex, Inc. is a corporation organized under the laws of New York State, with a principal place of business in New Jersey. SVAC ¶ 1, ECF No. 8. Defendant Saeed owns, operates and/or represents a business under the name of Omaya for Importing Cars. *Id.* ¶ 4. Saeed resides in Sana, Yemen, where his business is headquartered. *Id.* Plaintiff is licensed by the Federal Maritime Commission as a non-vessel operating common carrier, and transports used vehicles from the United States to various overseas ports. *Id.* ¶ 5. Saeed, individually and through his business, purchases and/or exports used vehicles from the United States to Yemen. *Id.* ¶ 8.

Defendants entered into an agreement with Plaintiff to "arrange for and/perform the transportation of certain used vehicles from point of purchase to a designated facility here in the United States and also to prepare and load the subject cargo for the intended overseas transportation . . ." to Yemen. *Id.* ¶¶ 12-13. Plaintiff agreed to pay "all relevant processing fees," "freight charges and related transportation expenses." *Id.* Plaintiff agreed to perform its duties "in exchange for certain consideration . . . ." *Id.* Plaintiff completed all the services required of it under the parties' agreement. *Id.* ¶ 14. Defendants have not paid the balance owed to Plaintiff for the shipment of 187 vehicles between August 2011 and October 2013. *See id.* ¶¶ 15-16; Ex. 1 to Cert. of Timothy Barrow, ECF No. 27-2. Defendants owe Plaintiff $23,585.50 for ocean freight and related charges. SVAC ¶ 16. Defendants owe Plaintiff a further $33,387.80 for "various inland charges and related expenses." *Id.* ¶ 17. Plaintiff has demanded that Defendants pay a total of $56,973.30, but Defendants have not done so. *Id.* ¶ 18.

Plaintiff filed a verified complaint in this Court on March 20, 2014, ECF No. 1, and the SVAC on April 15, 2014. ECF No. 8. Plaintiff alleges a breach of contract, invoking the Court's admiralty jurisdiction under 28 U.S.C. § 1333 and Fed. R. Civ. P. 9(h) as to the $23,585.50 due for ocean freight. Citing 28 U.S.C. § 1367, Plaintiff requests that the Court exercise supplemental jurisdiction over the claim for $33,387.80 in inland charges, which arises under common law. *Id.* ¶ 9-10.

On May 12, 2014, Plaintiff's counsel emailed Saeed a copy of the SVAC, along with an Order directing the issuance of the maritime attachment and garnishment, and a Summons and Process of Maritime Attachment and Garnishment. Cert. of Timothy Barrow, ECF No. 20-1. Recognizing the difficulty of serving Defendants in Yemen, the Court allowed Plaintiff to serve them by email under Fed. R. Civ. P. 4(f)(3), *nunc pro tunc*. ECF No. 21. An attorney filed a Notice of Appearance on behalf of Saeed on June 21, 2014, ECF No. 23, but Saeed has not answered the SVAC or otherwise defended the action. On October 20, 2014, Plaintiff requested default against Saeed, ECF No. 26, and the Clerk entered default the same day. On February 2, 2015, Plaintiff moved under Fed. R. Civ. P. 55(b)(2) for default judgment against Saeed in the amount of $56,973.30, plus $400.00 for the Court's filing fee. ECF No. 27. Plaintiff's counsel spoke to Saeed by phone, and sent him a copy of the application for default judgment by email. Barrow Cert. ¶ 5, ECF No. 27-1.

## STANDARD FOR DEFAULT JUDGMENT

Before granting a default judgment under Fed. R. Civ. P. 55, the Court must determine (1) whether there is sufficient proof of service, *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985); (2) whether a sufficient cause of action was stated, *DIRECTV v. DeCroce*, 332 F. Supp. 2d 715 (D.N.J. 2004), *rev'd on other grounds*, 431 F.3d 162 (3d Cir.

3

2005).; and (3) whether the factors described in *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) are met. Courts in the Third Circuit consider (1) whether there is prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *Chamberlain*, 210 F.3d at 164. A court must treat "the factual allegations in a complaint, other than those as to damages . . . as conceded by the defendant." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005).

Default judgment is inappropriate, even when defendants have failed to appear, unless the plaintiff has provided well-pleaded facts sufficient to establish a claim. *DeCroce,* 332 F. Supp. 2d at 715. Because a defaulting party does not admit conclusions of law, a court must make an independent inquiry into "whether the unchallenged facts constitute a legitimate cause of action." *Id.* (denying default judgment for failure to state a claim) (quoting Charles A. Wright, Arthur R. Miller & Mary Kay Kane, 10A Federal Practice and Procedure § 2688, at 63 (3d ed. 1998)). Similarly, a court does not accept as true allegations pertaining to the amount of damages, and may employ various methods to ascertain the amount of damages due. While the court may conduct a hearing to determine the damages amount, Fed. R. Civ. P. 55(b)(2), a damages determination may be made without a hearing "as long as [the court] ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

## DISCUSSION

### I. THE COURT HAS JURISDICTION OVER PLAINTIFF'S ADMIRALTY CLAIMS, AND THE COURT WILL EXERCISE SUPPLEMENTAL JURISDICTION OVER THE COMMON LAW CLAIMS

Federal district courts have original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333(1). "[T]he primary focus of admiralty jurisdiction is

unquestionably the protection of maritime commerce." *Foremost Ins. Co. v. Richardson,* 457 U.S. 668, 674 (1982). "Maritime commerce has evolved along with the nature of transportation and is often inseparable from some land-based obligations." *Norfolk S. Ry. Co. v. Kirby,* 543 U.S. 14, 25 (2004). To determine whether a contract comes within maritime jurisdiction, courts look at the "nature and character of the contract" and ask "whether it has reference to maritime service or maritime transactions." *Id.* at 24. A contract whose "primary objective is to accomplish the transportation of goods by sea" between a foreign port and a port in the United States is maritime in nature. *See id.*

Here Plaintiff alleges that the primary purpose of the agreement with Defendants was to arrange for the shipment of vehicles from the United States to Yemen. SVAC ¶¶ 12-13. Plaintiff paid the ocean freight charges for some of these vehicles. *Id.* ¶ 16. The agreement between Plaintiff and Defendants for the shipping of those vehicles falls under the Court's admiralty jurisdiction.

Plaintiff asks the Court to exercise supplemental jurisdiction over the damages arising from breaches of contract for land transportation. SVAC ¶ 9. The Court has jurisdiction over all claims "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367. All of Plaintiff's claims here involve Saeed's failure to pay for contracted transportation of vehicles. Although some transportation occurred on land, and other transportation was intended to occur by sea, the land transportation was merely the first leg of a journey that the parties anticipated would include an ocean voyage to Yemen. SVAC ¶¶ 12-13. Plaintiff's claims that Saeed did not honor the parties' contract for land transportation services are part of the same case or controversy as the breach of contract

claims arising under admiralty law. It is appropriate for the Court to exercise supplemental jurisdiction.

## II. DEFAULT JUDGMENT IS APPROPRIATE

### 1. There Is Sufficient Proof of Service

On May 12, 2014, Plaintiff's counsel emailed Saeed a copy of the SVAC, along with the Order directing the issuance of the maritime attachment and garnishment, and the Summons and Process of Maritime Attachment and Garnishment. Cert. of Timothy Barrow, ECF No. 20-1. On June 12, 2014, the Court granted Plaintiff's application to serve Saeed by email *nunc pro tunc* under Fed. R. Civ. P. 4(f)(3). ECF No 21. Plaintiff's counsel emailed Saeed its default judgment application, also sending a copy to the attorney who had entered an appearance on Saeed's behalf. Cert. of Timothy Barrow ¶ 5, ECF No. 27-1. The Court finds that there is sufficient proof of service.

### 2. Plaintiff States a Valid Cause of Action

The Supreme Court has stated that absent a relevant statute, the "general maritime law, as developed by the judiciary, applies," and has characterized general maritime law as "an amalgam of traditional common-law rules, modifications of those rules, and newly created rules." *East River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 864-65 (1986). "[C]ontracts for carriage of goods by sea must be construed like any other contracts: by their terms and consistent with the intent of the parties." *Norfolk*, 543 U.S. at 31. Because "[c]onclusions drawn with respect to the legal effect of any agreement" constitute questions of law, a court must make an independent determination as to whether a defendant breached the contract. *See ATACS Corp. v. Trans World Comm., Inc.*, 155 F.3d 659, 665 (3d Cir. 1998) (citation omitted); *Petereit v. S.B.*

*Thomas, Inc.,* 63 F.3d 1169, 1176 (2d Cir. 1995) (noting that "the conclusion that the contract has been breached" constitutes a "legal conclusion [ ] to be drawn from factual findings"). This action is based on Defendants' alleged breach of a contract for services. The elements of such a claim are "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot,* 507 F.3d 188, 203 (3d Cir. 2007).

Here Plaintiff alleges that (1) there was an agreement between Plaintiff and Saeed that Plaintiff would transport cars in exchange for payment, SVAC ¶¶ 12-13; (2) Saeed did not pay Plaintiff, *id.* ¶¶ 15-16; (3) Plaintiff was damaged in the amount of the fees owed and expenses advanced, *id.* ¶¶ 12-16; and (4) Plaintiff performed its obligations by transporting the cars and paying the necessary expenses. *Id.* ¶14. Plaintiff has sufficiently alleged a cause of action for breach of contract, establishing Saeed's liability for purposes of default judgment. The amount of damages is satisfactorily established by Exhibit 1 to the SVAC: $56,973.30 plus taxed costs of $400.00 for the filing fee. ECF No. 27-2.

### 3. Default Judgment Is Appropriate under the *Chamberlain* Factors

#### A. There Is Prejudice to Plaintiff if Default Is Denied

Plaintiff brings this action against a foreign corporation and individuals who reside abroad. The Defendants have not responded, and, in the absence of a default judgment, may continue to avoid responsibility for paying their debts. Lacking other recourse, Plaintiff would be prejudiced if default judgment is denied.

#### B. Saeed Does Not Appears to Have a Litigable Defense

Since Saeed has not answered the SVAC or otherwise defended the action, and Plaintiff states a valid cause of action, the Court has no reason to believe that Saeed has a litigable defense.

### C. Saeed's Delay Is Due to Culpable Conduct

Plaintiff's counsel notified Saeed that this action had been filed against him. ECF No. 20-1. An attorney appeared on Saeed's behalf, but has not answered the SVAC or otherwise defended the action. ECF No. 23. Plaintiff's counsel notified Saeed of its application for default judgment. Ex. 2 to Barrow Cert., ECF No. 27-3. Saeed has not responded. By all indications, the responsibility for failing to respond lies with Saeed.

These factors taken together, default judgment is warranted.

## CONCLUSION

Plaintiff's motion for default judgment is granted. An appropriate order follows.

DATE: 3 June 2015

Hon. William H. Walls
Senior United States District Judge